# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BOUTROS,<br><br>        Plaintiff,<br><br>    v.<br><br>CORY HONY, et al.,<br><br>        Defendants. | No. 2:19-CV-1080-JAM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court are: (1) plaintiff's motion for an "emergency restraining order" (ECF No. 8); (2) defendants' motion to strike (ECF No. 23); and (3) defendants' motion to dismiss (ECF No. 24).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint.[1] Plaintiff names the following as defendants: (1) Cory Hony, the Butte County Sheriff; (2) J.D. Jones, the Butte County Undersheriff; (3) Smith, a Butte County Deputy Sheriff; and (4) Dick Ramsey, the Butte County District Attorney.

---

[1] The court was not required to screen plaintiff's pro se complaint because he paid the filing fees and is not proceeding in forma pauperis.

1

Plaintiff states that he was attacked by his "angry white" neighbor on August 18, 2018. Plaintiff claims he was "creatively made a suspect by introducing the mental illness factor." According to plaintiff, he complained and requested an internal investigation. Plaintiff states that, "shortly thereafter" he was arrested in a "51/50" hold for mental illness. Plaintiff claims this was done in retaliation for requesting an internal investigation regarding the August 2018 incident.

Next, plaintiff alleges that he reported "another incident" to the Butte County Sheriff on September 2, 2018. According to plaintiff, he was threatened by a neighbor with a gun. Plaintiff states there was no follow-up on his report.

Plaintiff further asserts that his residence was robbed several times and his 911 calls for emergency assistance went unanswered. Plaintiff states he gave Butte County Sheriff's Department officer Cooper a meth pipe that was left by the robber and that plaintiff was later arrested for possession of the pipe.

According to plaintiff, he was denied protection and falsely arrested by the Butte County Sheriff's Department.

Plaintiff's complaint makes no specific references to any of the named defendants.

## II. DISCUSSION

### A. Motion to Dismiss

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se

1 pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

3

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Defendants here contend that the plaintiff's complaint must be dismissed because: (1) defendant Ramsey is entitled to absolute prosecutorial immunity; (2) the Butte County Sheriff's Department defendants owed plaintiff no duty of protection; and (3) plaintiff's allegations fail to state a cognizable claim for relief against any named defendant. Defendants' last argument is dispositive.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of

constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Here, the allegations of plaintiff's complaint make no reference to any of the four named defendants. Mere designation of defendants in the caption of the complaint, without specific allegations connecting the alleged wrongful acts to specified defendants, doses not satisfy the requirements for a proper pleading under Monell. As such, the complaint here fails to establish a causal connection between any defendant and a violation of plaintiff's civil rights. Plaintiff's complaint should be dismissed, with leave to correct the deficiencies through an amended pleading.

**B.     Motion for Injunctive Relief and Motion to Strike**

Plaintiff seeks an "emergency restraining order" requiring the "Criminal DA of Butte County . . . to remove all my pending legal matters from his jurisdiction. . . ." Defendants seek an order striking plaintiff's motion.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot,

however, issue an order against individuals who are not parties to the action. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See <u>Prieser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, plaintiff has not made a showing that he is entitled to injunctive relief. As discussed above, plaintiff has no current likelihood of success on the merits of his case because he has not stated any cognizable claims against any named defendant. Moreover, plaintiff has not articulated the possibility of any irreparable harm. For these reasons, plaintiff's motion for injunctive relief should be denied on the merits and defendants' motion to strike should be denied as moot.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (ECF No. 24) be granted;
2. Plaintiff's motion for injunctive relief (ECF No. 8) be denied;
3. Defendants' motion to strike (ECF No. 23) be denied as moot; and
4. Plaintiff's complaint be dismissed with leave to amend.

///
///
///
///
///
///
///
///
///

6

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 22, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE